UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 17-01753-ODW (PJW) | Date | November 7, 2017 |
|---|---|---|---|

| Title | *Sai Yang v. Drug Enforcement Administration, et al.* |
|---|---|

| Present: The Honorable | Patrick J. Walsh, U.S. Magistrate Judge |
|---|---|

| Isabel Martinez | N/A | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants |
|---|---|
| N/A | N/A |

**Proceedings:** Order To Show Cause Why Action Should Not Be Dismissed

    Before the Court for screening is Plaintiff's First Amended Complaint ("FAC").[1] (Doc. No. 23.) Plaintiff, a non-prisoner, alleges that Defendants the Riverside and Fresno Drug Enforcement Administration ("DEA") offices, Banning Police Department, Jarvis January, Dipik Papel Travelodge, and Raylene Coronado Chavez Sprint have violated his civil rights by invading his privacy, falsely imprisoning him, and torturing him through electronic harassment. He seeks monetary damages.

    The Court is required to screen *pro se* complaints and dismiss claims that, among other things, are frivolous, malicious, or fail to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B). Even when a plaintiff is not proceeding *in forma pauperis*, Federal Rule of Civil Procedure 12(b)(6) permits a court to dismiss a claim *sua sponte* and without notice "where the claimant cannot possibly win relief." *See Omar v. Sea–Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir. 1987). In evaluating whether Plaintiff has stated a claim, the Court accepts as true the factual allegations in the Complaint and views all inferences in a light most favorable to him. *See Hamilton v. Brown*, 630 F.3d 889, 892 (9th Cir. 2011). The Court does not, however, "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). Because Plaintiff is proceeding *pro se*, the Court construes the FAC liberally. *Barrett v. Belleque*, 544 F.3d 1060, 1061-62 (9th Cir. 2008) (per curiam).

    Regardless, unless a complaint presents a plausible assertion of a substantial federal right, a federal court does not have subject matter jurisdiction over a cause of action. *See Bell v. Hood*, 327 U.S. 678, 682 (1945); *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 89 (1998) (a federal court lacks subject matter jurisdiction to consider claims that are "so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy."). A complaint is frivolous if it lacks any arguable basis either in fact or law. *See Neitzke v. Williams,* 490 U.S. 319, 325 (1989). Even "a paid complaint that is 'obviously frivolous' does not confer

---

[1] On July 12, 2017, Plaintiff filed a Complaint, along with an application to proceed *in forma pauperis,* in the United States District Court for the Southern District of California. (Doc. Nos. 1-2.) Judge Cathy Ann Bencivengo issued an Order denying Plaintiff's request to proceed *in forma pauperis* on July 13, 2017. (Doc. No. 3.) Plaintiff paid the filing fee on July 27, 2017. (Doc. No. 5.) The case was transferred to the Central District of California on August 27, 2017. (Doc. No. 10.)

subject matter jurisdiction." *Franklin v. Murphy*, 745 F.2d 1221, 1227 n. 6 (9th Cir. 1984); *Hagans v. Lavine*, 415 U.S. 528, 537–38 (1974) (a federal claim which is so insubstantial as to be patently without merit cannot serve as the basis for federal jurisdiction). Clearly baseless allegations include those that are "fanciful," "fantastic," or "delusional." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992).

Plaintiff alleges that on March 27, 2016, while he was sleeping at a Travelodge in Hemet, California, an agent from the DEA, without a warrant, came into his room and placed a "non-consensual implant" on him, his wife, and infant son. The next morning, Plaintiff began hearing voices and became paranoid. He then went home but noticed that the electronic harassment became worse. He claims it became "torture" and "mind control." The "abuse of covert technology" allowed his "speech, vision, and memory" to be analyzed and monitored onto a screen. (FAC at 2.) He claims that the DEA's "mind controlling" has made him schizophrenic. (FAC at 2.)

On April 1, 2016, Plaintiff alleges that he woke up hearing his neighbor, Jarvis January, and his two sons, informing him that his wife had been cheating on him with four African American men. According to Plaintiff, he was being "mind controlled." He claims that agents from the Fresno, Sacramento, and Saint Paul, Minnesota DEA offices were trying to translate his conversations, although he concedes that he cannot prove that the Sacramento or Saint Paul DEA offices were involved. (FAC at 2-3.) A few days later, Plaintiff alleges that he went to the local Asian mini market and that Jarvis January and four DEA agents were "mugging" him down. A few weeks later, Plaintiff alleges, he went back to the Asian mini market and was harassed and mugged by a DEA agent.

From mid-April to May, Plaintiff alleges he was gang stalked and followed by officers from the local police department and a relative of the DEA agent from Fresno. (FAC at 3-4.) According to Plaintiff, he went into a Sprint store and saw two males acting suspiciously, along with a woman that he had previously seen at the Asian mini market. Plaintiff spoke with Raylene Coronado Chavez, a Sprint employee, who assisted him with obtaining a new phone. Plaintiff alleges that he became scared when he realized the woman that he had previously seen, was eavesdropping on his conversation with Ms. Chavez and was invading his privacy. He started walking out of the Sprint store but overheard Ms. Chavez give this woman his information. (FAC at 4.)

He also alleges that he was held under false imprisonment and detained in his own home - - from May 9, 2016 to July 20, 2016 - - through mind control. (FAC at 4.) He claims that his wife has been raped on several occasions by different men, his infant son has been mind controlled, and a relative of his has been murdered. He claims that he went to the Riverside DEA office to discuss the torture and harassment but they denied having any knowledge of his claims. (FAC at 5-6.)

The crux of Plaintiff's FAC is that a DEA agent planted an electronic device on him which has caused him to hear voices, be "mind controlled," and caused him to become schizophrenic. He believes that unknown DEA agents, his neighbor, and others have harassed, gang stalked, and followed him. He claims that Defendants have committed several crimes in violation of California's Penal Code and various federal statutes.[2] Sadly, these types of allegations are all too familiar to the Court. The Court

---

[2] Generally speaking, criminal statutes do not give rise to private claims. *See Allen v. Gold Country Casino,* 464 F.3d 1044, 1048 (9th Cir. 2006)*; Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980).

does not accept them at face value and concludes that they are fantastic and delusional.[3] They do not confer subject matter jurisdiction on this Court. Further, while it does not appear that anything Plaintiff can say or do can cure the defects in his FAC, recognizing that Plaintiff is proceeding *pro se*, the Court will allow him an opportunity to explain why the FAC should not be dismissed with prejudice. Plaintiff has until **December 6, 2017**, to file his brief. Plaintiff is warned that failure to file on time may result in the case being dismissed for failure to prosecute pursuant to Federal Rules of Civil Procedure 41.

O:\PJW\ECF Ready\MO_OSC .wpd

|  | : | 00 |
|---|---|---|
| Initials of Preparer | im |  |

---

[3] *See Ayres v. Obama*, 2013 WL 5754953, at *2 (D. Hawaii Oct. 22, 2013) (allegations that FBI implanted biochips in plaintiff to turn him into "a living vegetable or a New World Order slave" were "so 'fantastic' and 'fanciful' as to be clearly baseless"); *Bivolarevic v. U.S. CIA*, 2010 WL 890147, at *1–2 (N.D. Cal. Mar. 8, 2010) (court lacked jurisdiction over claims that CIA subjected plaintiff to "voice to skull technology" as a "mind control weapon").