UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAI YANG,<br><br>         Plaintiff,<br><br>    v.<br><br>DRUG ENFORCEMENT ADMINISTRATION, et al.,<br><br>         Defendants. | CASE NO. ED CV 17-01753-ODW (PJW)<br><br>ORDER DISMISSING ACTION FOR FAILURE TO PROSECUTE |

In October 2017, Plaintiff Sai Yang filed a First Amended Complaint ("FAC") against Defendants Riverside and Fresno Drug Enforcement Administration ("DEA") offices, the Banning Police Department, Jarvis January, Dipik Papel Travelodge, and Raylene Coronado Chavez Sprint.[1] He alleged that Defendants violated his civil rights by invading his privacy, falsely imprisoning him, and torturing him through electronic harassment. The crux of Plaintiff's case is that a DEA agent planted an electronic device on him, which

---

[1] Plaintiff's initial Complaint was filed on July 12, 2017, in the United States District Court for the Southern District of California. (Doc. Nos. 1-10.) The case was transferred to the Central District of California on August 25, 2017. (Doc. Nos. 11-13.)

has caused him to hear voices, be "mind controlled," and become schizophrenic. (FAC at 2.)

In November 2017, the Court ordered Plaintiff to show cause by December 6, 2017, as to why the FAC should not be dismissed on the ground that Plaintiff had not stated a cognizable claim against Defendants because his allegations were fantastical and delusional. (Doc. No. 24.) In December 2017, Plaintiff filed a document, which the Court construed as an attempt to comply with the Court's November 2017 order to show cause. (Doc. No. 37.) In it, Plaintiff explained that Defendants violated his rights under the First, Third, Fourth, and Fourteenth Amendments. (Doc. No. 37 at 2.) He attached as an exhibit an email from "Roger at Bugsweeps" regarding "DEW Directed Energy Weapons Electronic Harassment Symptoms." (Doc. No. 37 at 4-9.)

The Court concluded that Plaintiff had not cured the defects outlined in the order to show cause and dismissed the FAC without prejudice. The Court granted Plaintiff an opportunity to file a Second Amended Complaint no later than February 28, 2018, to attempt to state a cognizable claim. (Doc. No. 38.) Plaintiff failed to do so.

On March 12, 2018, the Court ordered Plaintiff to show cause by April 6, 2018, as to why the case should not be dismissed for failure to prosecute and/or comply with the Court's previous order. (Doc. No. 39.) Plaintiff did not respond to that order, either. In fact, he has not filed anything since December 2017.

It is well established that a district court has the authority to dismiss an action for failure to prosecute and/or for failure to comply with court orders. Fed. R. Civ. P 41(b); *Link v. Wabash Railroad Co.*, 370 U.S. 626, 629-30 (1962) (explaining district court

2

has authority to dismiss case for lack of prosecution in order to prevent undue delays in disposition of pending cases and to avoid congestion in court's calendar); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (finding district courts have authority to dismiss for failure to comply with court order). The Court considers five factors in evaluating whether dismissal is appropriate: (1) the public interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *Ferdik*, 963 F.2d at 1260-61.

In this case, both the public's interest in the expeditious resolution of cases and the Court's need to manage its docket weigh strongly in favor of dismissal. It appears that Plaintiff is no longer interested in pursuing this action as he has not filed anything since December 2017, despite the Court's orders to do so and its prompting when he failed. As a result, the case has come to a complete standstill.

As to the third factor, prejudice to Defendants, this, too, weighs in favor of dismissal. Although Defendants have not yet been served in this action--because there is no operative complaint--as time goes by, witnesses' memories will likely begin to fade and Defendants may suffer prejudice as a result. *See In re Phenylpropanolamine (PPA) Prod. Liab. Litig.*, 460 F.3d 1217, 1227 (9th Cir. 2006) ("The law . . . presumes prejudice from unreasonable delay.").

The fourth factor--the general policy favoring resolution of cases on the merits--weighs in Plaintiff's favor. *See Pagtalunan v.*

*Galaza*, 291 F.3d 639, 643 (9th Cir. 2002) ("Public policy favors disposition of cases on the merits."). But that factor alone is not sufficient to overcome the other four.

As for the fifth factor--the availability of less drastic alternatives--the Court is unable to impose a lesser sanction here as Plaintiff's refusal to comply with the Court's orders suggests that nothing the Court can do or say will compel him to act.

Considering all five factors, the Court concludes that dismissal for failure to prosecute is warranted. *See Ferdik*, 963 F.2d at 1263 (concluding dismissal appropriate where supported by three factors); *Pagtalunan*, 291 F.3d at 643 (same).

IT IS SO ORDERED.

DATED: <u>April 26, 2018</u>

                                                 OTIS D. WRIGHT, II
                                                 UNITED STATES DISTRICT JUDGE

Presented by:

PATRICK J. WALSH
UNITED STATES MAGISTRATE JUDGE

C:\Users\imartine\AppData\Local\Temp\notesC7A056\Ord_dismiss.failure prosecute.wpd

4